■ In the Matter of DAVID H. FISCH, Petitioner, v. PATRICK V. MURPHY, as Police Commissioner of the City of New York, et al., Respondents.— Determination of respondent Police Commissioner, dated May 13, 1971, dismissing petitioner from the Police Department, unanimously confirmed, without costs and without disbursements. Petitioner, on the last day of hearing of charges of misconduct leveled against him, April 12, 1971, applied for medical examination to establish existence of service-related injuries as the basis for disability retirement. The medical board, apparently by reason of the pending charges, improperly failed to arrange the examination, to which petitioner was entitled. (Administrative Code of City of New York, § B18–43.0.) By rule 22 of the rules governing the trustees of the pension fund, petitioner, had he received favorable rulings from both the medical board and board of trustees, could have been retired not less than 30 days after filing his application. On the thirty-first day, respondent confirmed the findings of the trial officer and dismissed petitioner. The record discloses substantial evidence of misconduct and respondent's determination cannot be faulted, nor is the punishment disproportionate to the offense. As we have said, the medical board committed an impropriety in not affording petitioner the medical examination to which he was entitled; though under suspension, he was still a patrolman when the application was made. (See

*Matter of Keogh* v. *Wagner*, 20 A D 2d 380, affd. 15 N Y 2d 569.) But it would be a useless gesture to direct that the examination be held now for it would be the sheerest kind of speculation to find that petitioner was actually aggrieved by the medical board's failure to act. It cannot be established that he could have won his race to retire before the dismissal he anticipated. Assuming a favorable ruling by the medical board, it cannot be further assumed that the board of trustees would have responded favorably by directing the retirement; its authority would have been final and it could have rejected the medical finding. (See *Matter of Rubenstein* v. *Murphy*, 43 A D 2d 930.) Concur — Markewich, J. P., Kupferman, Murphy, Steuer and Tilzer, JJ.